UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA ANN HUGHES,

        Petitioner,

v.                              CASE NO. 05-CV-71914-DT
                                HONORABLE GERALD E. ROSEN

STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.    Introduction**

Paula Ann Hughes ("Petitioner"), a state prisoner currently confined at Camp Brighton in Pinckney, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to two counts of delivery/manufacture of less than 50 grams of a controlled substance, one count of financial transaction device-stealing/retaining without consent, and second-degree retail fraud in the Macomb County Circuit Court in 2003. She was sentenced to consecutive terms of two to 20 years imprisonment on the drug convictions, a concurrent term of 12 months to four years imprisonment on the financial transaction conviction, and a $45 fine on the retail fraud conviction.

In her pleadings, Petitioner challenges the drug convictions on the following grounds:

    I.    Conviction obtained by plea of guilty without understanding the nature of the charge and the consequences of the plea.

    II.    Convicted of the same charge two (2) times for the same narcotics.

1

      III.     Exceeding sentencing guidelines without substantial and compelling reasons.

For the reasons stated, the court dismisses the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies.

**II.   Facts and Procedural History**

Following her convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court abused its discretion in sentencing her above the guidelines and that she is entitled to retroactive application of statutory amendment eliminating mandatory consecutive sentencing. The Michigan Court of Appeals denied leave to appeal for lack of merit. *See People v. Hughes*, No. 254352 (Mich. Ct. App. June 8, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, asserting the same claims, which was denied. *People v. Hughes*, 471 Mich. 950, 690 N.W.2d 109 (Dec. 29, 2004).

Petitioner dated the present petition for writ of habeas corpus on May 1, 2005.

**III.   Analysis**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must present each ground to both appellate courts to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see*

*also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

As stated in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  A Michigan prisoner is required to raise each issue she seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court.  *Hafley*, 902 F.2d at 483. The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met her burden of showing exhaustion of state court remedies. Petitioner admits that she did not raise her first or second habeas issues in the Michigan appellate courts.  *See* Petition, p. 5.  Petitioner states that she did not do so because she "did not have enough knowledge at that time and had to do further legal research."  *Id.*  Petitioner has failed to fully exhaust state court remedies as to two of her three habeas claims.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court."  *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982);[1] *see also Rust*, 17 F.3d at 160.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  For example, an unexhausted claim may be addressed if

---

[1] In *Rose*, the Court also discussed the possible consequences of these choices. The plurality indicated that under 28 U.S.C. §2254 Rule 9(b), "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal [with prejudice] of subsequent federal petitions." *Id.* at 521 [O'Connor, J., with three justices concurring].

3

pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present any unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, _ U.S. _, 125 S. Ct. 1528, 1534-35 (2005). This stay and abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. *Id*. at 1525.

In this case, Petitioner has available avenues for relief in the state court system such that her pursuit of state court remedies would not be futile. For example, she may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue those claims in the Michigan appellate courts. Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as she pursues her state court remedies in a prompt fashion. The one-year limitations period did not begun to until 90 days after the conclusion of her direct appeals, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about March 29, 2005, and will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002); *Abela*

*v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).  Further, Petitioner has not established good cause for her failure to raise the unexhausted issues in the state courts before proceeding in federal court.  Lastly, Petitioner's unexhausted claims concern matters of federal law which may warrant further review.[2]  Those claims should therefore be addressed to, and considered by, the state courts in the first instance.

## IV.    Conclusion

For the reasons stated, the court concludes that Petitioner has failed to fully exhaust state court remedies as to the first and second claims of her habeas petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.  Should Petitioner wish to proceed only on the exhausted claim and withdraw the unexhausted claims, she may move to re-open this case and proceed on the exhausted claim within 30 days of the date of this order.


                                              s/Gerald E. Rosen
                                              Gerald E. Rosen
                                              United States District Judge

Dated:  May 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2005, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager

---

[2]The court expresses no opinion on the merits of Petitioner's claims.