UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAULA ANN HUGHES,

        Petitioner,

v.                                    CASE NO. 05-CV-71914-DT
                                    HONORABLE GERALD E. ROSEN

STATE OF MICHIGAN,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.     Introduction**

        Paula Ann Hughes ("Petitioner"), a state prisoner currently confined at Camp Brighton in

Pinckney, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  Petitioner pleaded guilty to two counts of delivery/manufacture of less than 50 grams of

a controlled substance, one count of financial transaction device-stealing/retaining without

consent, and second-degree retail fraud in the Macomb County Circuit Court in 2003.  She was

sentenced to consecutive terms of two to 20 years imprisonment on the drug convictions, a

concurrent term of 12 months to four years imprisonment on the financial transaction conviction,

and a $45 fine on the retail fraud conviction.  In her habeas petition, as amended, Petitioner

asserts that she is entitled to habeas relief because the trial court exceeded the state sentencing

guidelines without substantial and compelling reasons.

        Promptly after the filing of a petition for habeas corpus, the Court must undertake a

1

preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the claim raised in the petition is meritless, such that the petition must be denied.

## II.      Facts and Procedural History

Following her convictions and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court abused its discretion in sentencing her above the guidelines and that she is entitled to retroactive application of statutory amendment eliminating mandatory consecutive sentencing. The Michigan Court of Appeals denied leave to appeal for lack of merit. *See People v. Hughes*, No. 254352 (Mich. Ct. App. June 8, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, asserting the same claims, which was denied. *People v. Hughes*, 471 Mich. 950, 690 N.W.2d 109 (Dec. 29, 2004).

Petitioner submitted her initial petition for writ of habeas corpus on May 1, 2005, raising the following claims:

>    I.      Conviction obtained by plea of guilty without understanding the nature of
>            the charge and the consequences of the plea.

II.      Convicted of the same charge two (2) times for the same narcotics.

III.     Exceeding sentencing guidelines without substantial and compelling
         reasons.

On May 26, 2005, the Court dismissed the petition without prejudice for failure to exhaust state court remedies as to the first and second claims.  Petitioner subsequently filed a request to re-open her case to proceed only on the exhausted sentencing claim, which this Court has granted.

**III.    Analysis**

Petitioner claims that she is entitled to habeas relief because the trial court exceeding the state sentencing guidelines without substantial and compelling reasons.  To the extent that Petitioner claims that her sentence exceeds the state sentencing guidelines or is disproportionate under state law, she fails to state a claim for federal habeas relief.  *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).  A petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence.  *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).  A state court's failure to abide by its own sentencing procedures is not subject to federal habeas review.  *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).  There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner has also failed to establish that her sentence violates due process or constitutes cruel and unusual punishment under the Eighth Amendment.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth

Amendment." *Marks*, 209 F.3d at 583.  A sentence that falls within the maximum penalty

authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*,

213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  "Federal

courts will not engage in a proportionality analysis except in cases where the penalty imposed is

death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner was sentenced to concurrent terms of two to 20 years imprisonment on her

drug convictions for delivery/manufacture of less than 50 grams of a controlled substance.  The

maximum sentence for such crimes is 20 years imprisonment.  *See* MICH. COMP. L. §

333.7401(2)(a)(iv).  The trial court acted within its discretion in imposing Petitioner's sentence

and there is no extreme disparity between Petitioner's crimes and sentence so as to offend

constitutional principles.  Habeas relief is therefore not warranted in this case.

### IV.    Conclusion

For the reasons stated, the court concludes that Petitioner is not entitled to habeas relief

on the claim contained in her amended habeas petition.  Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH**

**PREJUDICE**.


                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated:  July 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July
26, 2005, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry

Case Manager